UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **JOHNNIE BERGERON** | **CIVIL ACTION NO.** |
| **VERSUS** | **JUDGE** |
| **AMBIENTI USA, INC.** | **MAGISTRATE** |

**PLAINTIFF'S COMPLAINT FOR BREACH OF CONTRACT AND DAMAGES**

Plaintiff Johnnie Bergeron (hereinafter "Mr. Bergeron") files this complaint for breach of contract and damages against Defendant, Ambienti Co. Inc., (hereinafter "Ambienti"), respectfully representing as follows:

**THE PARTIES**

1.

Plaintiff Johnnie Bergeron is an individual of the full age of majority domiciled in the parish of St. Landry, State of Louisiana, with a residence at 165 John Avenue in Port Barre, Louisiana.

2.

Defendant Ambienti is a corporation organized under the laws of the state of Texas with a principal place of business at 440 Frankston St. Jacksonville, Texas 75766. Ambienti manufactures custom furniture and supplies and installs architectural millwork for hotel guestrooms, public areas, casinos, and courthouses. At all times pertinent to the complaint, Ambienti was registered to do and doing business in the State of Louisiana.

#270066

## JURISDICTION AND VENUE

3.

This action arises under the Employment and Retirement Income Security Act (ERISA), which is codified at 29 U.S.C § 1001 *et. seq*. Because this matter presents a question of federal law, the court has proper subject matter jurisdiction pursuant to 28 U.S.C § 1331.

4.

Venue is proper in this district under 28 U.S.C. § 1391(b)(3), because Ambienti has sufficient minimum contacts in this state.

## FACTUAL BACKGROUND

5.

This complaint arises out of Plaintiff's employment with Ambienti. Mr. Bergeron began working as a salaried trim carpenter for Ambienti in September 2003. As a trim carpenter, Mr. Bergeron was responsible for the finishing touches of a project such as installing trim, making furniture, finishing walls, constructing railings, and building various components that would make the construction more attractive. Although Mr. Bergeron worked for Ambienti in other states such as Mississippi and Texas, he predominately worked in Louisiana.

6.

Beginning in September 2003, Mr. Bergeron assisted Ambienti in the construction of Evangeline Down's Casino in Opelousas, Louisiana.

7.

In or about October 2004, Mr. Bergeron assisted Ambienti in the construction of Delta Down's Casino in Lake Charles, Louisiana.

8.

Mr. Bergeron also assisted Ambienti in the construction of Cabela's in Gonzales, Louisiana.

9.

Bergeron's efforts for Ambienti entitled him to certain employee benefits. In or about June 2006, Mr. Bergeron contracted with Ambienti to participate in Ambienti's Employment Stock Ownership Plan (ESOP).

10.

An ESOP is formed when a company creates a trust and subsequently makes annual contributions to the trust. Those contributions are then allocated to each employee participating in the ESOP. The amount contributed to an employee's account can be determined in proportion to compensation performed, by the employee's years of service, or a combination of both compensation and years of service. Ambienti's contributions to Mr. Bergeron's account were based upon his years of service with the company.

11.

The shares or other assets must "vest" before employees are entitled to receive their vested interest value. An employee's vested percentage determines the percentage of the account he or she would be entitled to receive upon termination. Under the Pension Protection Act of 2006, any contributions made after December 31, 2006, must vest under either a three year or two to six year grading cliff. 26 U.S.C § 411(2)(B)

12.

Ambienti chose a three year cliff as evidenced by Mr. Bergeron's 2009 certificate of participation. The certificate reads that as of 2009 Mr. Bergeron was 100% vested and entitled to

the amount of $11,911.52. Mr. Bergeron's participation in the ESOP continued through 2010, but he has since received no records regarding his account.

13.

ESOP's are governed by ERISA, which requires that the plan administrator regularly provide participants with information about the plan and entails accountability of plan fiduciaries. 29 U.S.C §1001(b). ERISA empowers a participant to bring a civil action to recover benefits due under the plan, enforce all rights under the plan, and clarify future rights and benefits under the plan. 29 U.S.C §1132 (a)(1)(B).

14.

After becoming a participant in the ESOP in 2006, Mr. Bergeron continued to work diligently for Ambienti until July 2010. Once his employment concluded, Mr. Bergeron requested his accrued distributions and was told by Ambienti that he must wait three years. He also requested his 2010 certificate of participation and was told by Ambienti "it would be sent later". Ambienti never sent Mr. Bergeron's 2010 certificate of participation.

15.

Mr. Bergeron has since patiently waited the three years. Nevertheless, when Mr. Bergeron attempted to call for his distributions, he learned that Ambienti's phone was and still is disconnected. He has had no communications with Ambienti since July 2010.

## CLAIM 1

## VIOLATION OF 29 U.S.C § 1022(a)

16.

Ambienti breached its obligation under 29 U.S.C § 1022(a) by failing to provide Mr. Bergeron with a summary plan description within 90 days of becoming an ESOP participant.

This plan description indicates a participant's rights and obligations, the amount of time a participant must wait before he or she may receive distributions, and designates the plan's fiduciaries.

17.

Though Mr. Bergeron began participating in the ESOP in June 2006, he never received a summary plan description from Ambienti.

## CLAIM 2

## VIOLATION OF 29 U.S.C § 1001(b) & BREACH OF CONTRACT

18.

Ambienti is also in clear violation of 29 U.S.C § 1001(b) by failing since 2009 to disclose and report to Mr. Bergeron or his beneficiaries financial or other information regarding his ESOP account. He has not heard anything from Ambienti since 2009 and did not receive any records regarding his ESOP account for year 2010.

19.

Ambienti also breached its contractual obligations by failing to provide Mr. Bergeron with his 2010 certificate of participation, including the required annual report summary.

## CLAIM 3

## BREACH OF FIDUCIARY DUTY

20.

Pursuant to 29 U.S.C § 1104 (a)(1)(B), a plan's fiduciary owes a duty to participants to act "with the care, skill, prudence, and diligence under the circumstances that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise

of a like character and with like aims". Ambienti breached this duty in the following non-exclusive particulars:

A. Failing to provide the required financial information to Mr. Bergeron as a participant;

B. Failing to provide Mr. Bergeron's 2010 certificate of participation;

C. Failing to respond to Mr. Bergeron's requests for distributions owed to him; and

D. Failing to provide Mr. Bergeron an equitable relief for their refusal.

21.

As a direct and proximate result of Ambienti's breach Mr. Bergeron has been and will continue to be damaged. Therefore, Mr. Bergeron is entitled to recover damages as a matter of law.

## ATTORNEY'S FEES

22.

Pursuant to 29 U.S.C §1132(g)(1), federal courts are empowered with great discretion to award reasonable attorney fees and costs for violations of ERISA when an action is necessary to enforce rights and obligations under the plan. Therefore, Mr. Bergeron seeks reasonable attorney's fees for breach of Ambienti's fiduciary duties and contractual obligations.

## PRAYER

**WHEREFORE**, premises considered, Plaintiff Johnnie Bergeron respectfully pays that:

a. The court award damages to compensate Plaintiff Mr. Bergeron for Ambienti USA., Inc.'s, violation of 29 U.S.C § 1001 et. seq., including breach of fiduciary duties owed to Mr. Bergeron;

b. The court awards Plaintiff Johnnie Bergeron all of his accrued benefits and order immediate payments of such benefits or distributions;

c. The court order Defendant Ambienti USA Inc., to pay plaintiff Johnnie Bergeron's reasonable attorneys' fees as provided by 29 U.S.C § 1132 (g)(1) ; and

    d. The court award Plaintiff Johnnie Bergeron all such other and further relief available, at law or in equity, that this Court deems just, equitable, and proper under the circumstances.

Respectfully submitted,

/s/ Travis J. Broussard
STEVEN G. DURIO (#05230)
**TRAVIS J. BROUSSARD (#33036)**
*Durio, McGoffin, Stagg & Ackermann*
220 Heymann Boulevard (70503)
Post Office Box 51308
Lafayette, LA   70505-1308
Phone:   (337) 233-0300
Fax:       (337) 233-0694
Email:  buzz@dmsfirm.com
       travis@dmsfirm.com
**Counsel for Plaintiff Johnnie Bergeron**

#270066